UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIE-PIERRE POTTIER, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 1:21-cv-01138-AWI-BAM<br><br>**ORDER VACATING HEARING**<br><br>**FINDINGS AND RECOMMENDATIONS REGARDING PETITION FOR APPROVAL OF COMPROMISE OF CLAIM OF E. POTTIER, A MINOR**<br><br>(Doc. 32)<br><br>FOURTEEN-DAY DEADLINE |

**Findings and Recommendations**

### I. INTRODUCTION

On February 3, 2023, Plaintiff/Petitioner Marie-Pierre Pottier, as the appointed guardian ad litem of Plaintiff E. Pottier, a minor, filed the instant petition for court approval of the settlement and compromise of the minor's claims against Defendant United States of America ("Defendant"). (Doc. 32.) No opposition or objection to the petition has been filed, and the time in which to do so has passed. The Court finds the matter suitable for resolution without oral argument and the hearing set for March 17, 2023, is HEREBY VACATED. The matter is submitted on the record. L.R. 230(g).

Having considered the petition, the terms of the settlement, and the record in this matter, the Court finds that the proposed settlement agreement and means of disbursement are fair and

reasonable.  For the reasons that follow, the Court will recommend that the Petition for Approval of Compromise of Claim of E. Pottier, A Minor, be approved and granted.

## II.    BACKGROUND

Plaintiffs Marie-Pierre Pottier, Jean-Phillippe Pottier, E. Pottier, Loann Pottier, Charlene Pottier, Guillaume Pottier, and Marc Moreau filed this action on July 28, 2021, against Defendant United States of America.[1]  Plaintiffs assert claims under the Federal Tort Claims Act arising out of a Navy fighter jet crash in Death Valley National Park.  In their complaint, Plaintiffs allege that on July 31, 2019, at approximately 9:43 a.m., Plaintiffs, who are French citizens, were on vacation in Death Valley National Park when a United States Department of Navy F/A-18E fighter jet conducting a training exercise over public land crashed into the wall of Rainbow Canyon and exploded a short distance from Plaintiffs.  (Doc. 1, Compl. at ¶¶ 1, 27.)  Plaintiffs tried to run, but they were struck by a column of fire and burning parts of the plane.  (*Id.* at ¶ 27.)  As a result of the crash, Plaintiffs sustained severe burn injuries and severe emotional and/or psychological distress.  (*Id.* at ¶ 28.)

Defendant answered the complaint on November 3, 2021.  (Doc. 13.)

On January 7, 2022, the Court granted the application of Plaintiff/Petitioner Marie-Pierre Pottier to be appointed as guardian ad litem for her daughter, Plaintiff E. Pottier, a minor.  (Doc. 15.)

On September 21, 2022, Plaintiffs filed a notice of settlement of the action.  (Doc. 27.)

On February 3, 2023, Plaintiff/Petitioner Marie-Pierre Pottier filed the instant petition seeking court approval of the settlement and compromise of Plaintiff E. Pottier's claims.  (Doc. 32.)  According to the petition, Plaintiffs and Defendant reached agreed upon settlement amounts for each plaintiff, but final approval and funding of the settlements cannot take place until approval of the minor's settlement.  (Doc. 32 at p. 6.)

**Terms of Settlement**

Defendant has agreed to pay a total of $20,800,000.00 to settle the claims of all seven

---

[1] Plaintiffs voluntarily dismissed their claims against the United States Department of the Navy and Doe Defendants after the action was filed.  (Doc. 10.)

2

Plaintiffs. As to the minor, Plaintiff E. Pottier, Defendant has agreed to pay a total of $750,000.00 to settle her claims. (Doc. 32-1, Ex. 7 to Declaration of Steven V. Angarella, Esq. ("Angarella Decl."), Stipulation for Compromise Settlement Pursuant to 28 U.S.C. § 2677 and Release of All Claims ("Stipulation") at ¶ 2.) Payment shall be made by electronic funds transfer to the account specified in an order of the court. (*Id.*)

According to the petition, $187,500.00 (25%) of the settlement amount is apportioned to Plaintiff's counsel, with a net settlement of $562,500.00 to "be placed in a blocked trust account in the name of E. Pottier with a FDIC (Federal Deposit Insurance Corporation) Insured National Bank located in Los Angeles, California, and that the entire principal and all accrued interest can be withdrawn by E. Pottier on September 25, 2023, when she turns 18 years old." (Doc. 32 at p. 20.) Further, Plaintiff/Petitioner Marie-Pierre Pottier "has agreed to pay E. Pottier's proportionate share of the litigation expenses from her portion of the settlement" and also has "agreed to pay for the medical expenses of E. Pottier from her portion of the settlement." (Doc. 32-1, Angarella Decl. at ¶¶ 30-31; Doc. 32-2, Declaration of Marie-Pierre Pottier ("Petitioner Decl.") at ¶ 18.) There will be no deductions in the settlement amount for E. Pottier for her proportionate share of the litigation expenses or for her medical expenses in the amount of $15,045.82. In other words, the only deduction from the gross settlement amount will be for attorney fees. (Angarella Decl. at ¶ 32; Petitioner Decl. at ¶ 18.)

### III. DISCUSSION

#### A. Legal Standard

No compromise or settlement of a claim by a minor is effective unless it is approved by the Court. L.R. 202(b). In actions in which the minor is represented by an appointed representative pursuant to appropriate state law, excepting only those actions in which the United States courts have exclusive jurisdiction, the settlement or compromise must first be approved by the state court having jurisdiction over the personal representative. L.R. 202(b)(1). In all other actions, the petition for approval of a proposed settlement or compromise must disclose, among other things, the following:

the age and sex of the minor. . . , the nature of the causes of action to be settled or

3

compromised, the facts and circumstances out of which the causes of action arose, including the time, place and persons involved, the manner in which the compromise amount . . . was determined, including such additional information as may be required to enable the Court to determine the fairness of the settlement or compromise, and, if a personal injury claim, the nature and extent of the injury with sufficient particularity to inform the Court whether the injury is temporary or permanent. If reports of physicians or other similar experts have been prepared, such reports shall be provided to the Court . . . .

L.R. 202(b)(2).

Additionally, when, as here, the minor is represented by an attorney, the representation must be disclosed to the Court, including the terms of employment and whether the attorney became involved in the application at the instance of the party against whom the causes of action are asserted, whether the attorney stands in any relationship to that party, and whether the attorney has received or expects to receive any compensation, from whom, and the amount. L. R. 202(c).

Federal Rule of Civil Procedure 17(c) also imposes on district courts a special duty to safeguard the interests of litigants who are minors. *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). In the context of proposed settlements in suits involving minor plaintiffs, the district court's special duty requires it to "conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Id.* (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)). However, in *Robidoux*, the Ninth Circuit cautioned that this inquiry "requires only that the district court consider whether the net recovery of each minor plaintiff is fair and reasonable, without regard to the amount received by adult co-plaintiffs and what they have agreed to pay plaintiffs' counsel." *Id.* at 1182 (holding that district court erred in denying settlement based solely on the proportion of the settlement going to plaintiffs' counsel).

### B. Analysis

The petition explains that Plaintiff E. Pottier, a female, is currently 17-years old. She is the youngest daughter of Plaintiff/Petitioner Marie-Pierre Pottier and Plaintiff Jean-Philippe Pottier. She is a citizen of France and will turn 18-years old on September 25, 2023. (Petitioner Decl. at ¶ 3.) The claims to be compromised are the First Cause of Action for Negligence based upon the Federal Tort Claims Act and the Second Cause of Action for Bystander Emotional

Distress. (Doc. 32 at p. 12.)

The petition further explains that in July 2019, Plaintiffs Marie-Pierre and Jean-Phillipe Pottier took their family, Plaintiffs E. Pottier, Loann Pottier, Charlene Pottier, and Guillaume Pottier, along with Charlene's boyfriend, Plaintiff Marc Moreau, to California on vacation. A few days into their trip, they were in Death Valley National Park taking family photographs at Rainbow Canyon when a United States Department of Navy F/A-18 E fighter jet conducting a training exercise over public land crashed into the wall of the canyon at approximately 550 knots (632 mph). When the aircraft crashed, there was a large explosion and fireball which caused all seven of the Plaintiffs to sustain varying degrees of burn injury. (Doc. 32 at p. 9.) After the incident, Plaintiff E. Pottier was transported by the paramedics, along with the rest of her family, to Southern Inyo Hospital located in Lone Pine, California. At the hospital, it was found that Plaintiff E. Pottier had sustained first and second degree burns to her right hand, both ankles, and right knee with no areas of third-degree burns. She was treated on an outpatient basis with burn cream and bandages. (Ex. 2 to Angarella Decl; Petitioner Decl. at ¶ 7.) After Southern Inyo hospital, six of the Plaintiffs were admitted to the Grossman Burn Center at West Hills Hospital, located in West Hills, California, where they underwent reconstructive surgery. Plaintiff E. Pottier was not admitted to West Hills Hospital and was instead seen at the Outpatient Burn Clinic at West Hills Hospital to check her burned areas. The physician's assistant at the Outpatient Burn Clinic determined that no additional treatment was needed for her burns, and she should continue to care for them by using the burn cream and bandages. (Ex. 3 to Angarella Decl.; Petitioner Decl. at ¶ 8.)

In April 2020, all seven Plaintiffs had "Follow Up Plastic and Reconstructive Surgery Evaluations" via Zoom with Peter H. Grossman, M.D., the director of the Grossman Burn Center at West Hills Hospital. Dr. Grossman prepared reports regarding his examinations of all seven Plaintiffs, including E. Pottier. With regard to E. Pottier, Dr. Grossman indicated that her burns had healed well with basic wound care and that she would require no further medical treatment for her burn injuries. (Ex. 4 to Angarella Decl.; Petitioner Decl. at ¶ 9.) Plaintiff E. Pottier's medical expenses to date are $15,045.82. (Doc. 32 at p. 15.)

Plaintiff E. Pottier also sustained mental and emotional injuries from the incident and by seeing her other family members significantly burned. After the incident, Plaintiff E. Pottier had nightmares and flashbacks, was startled by loud noises, and had feelings of guilt since she was the least injured of her family. (Petitioner Decl. at ¶ 10.) After returning to France, Plaintiff saw Alain Payen, M.D., a licensed psychiatrist, two times in 2020 and early 2021. Dr. Payen diagnosed Plaintiff E. Pottier with post traumatic stress disorder as a result of the incident. (Exs. 5 (French) and 6 (English) to Angarella Decl.) This was the only psychological treatment that Plaintiff E. Pottier received. (Petitioner Decl. at ¶ 10.) It is reasonably anticipated that Plaintiff E. Pottier will not receive any additional psychological treatment. (*Id.* at ¶¶ 11-12.)

Plaintiff E. Pottier is represented by Steven V. Angarella, Angarella Law, and the Law Offices of Aaron S. Bregman. While Plaintiff Marie-Pierre was still in the hospital, Jean-Philippe Pottier signed a retainer agreement (which was in French) with the Law Offices of Aaron S. Bregman to represent E. Pottier. The retainer agreement for E. Pottier provides for attorney fees at 25% of the gross sums recovered and specifies that such fees will be paid in an amount consistent with the Federal Tort Claims Act. (Angarella Decl. at ¶ 34 and Exs. 8 (French) and 9 (English; unsigned).) Further, the Stipulation provides that attorney fees shall be paid from the settlement amount and are subject to the limitations in 28 U.S.C. § 2678. (Ex. 7 to Angarella Decl.) Section 2678 provides that "[n]o attorney shall charge, demand, receive, or collect for services rendered, fees in excess of 25 per centum of . . . any settlement made pursuant to section 2677." 28 U.S.C.A. § 2678. Counsel did not become involved in this case, either directly or indirectly, at the instance of Defendant and are not related to any party. To date, counsel have not received any compensation from any source for the services they have rendered in representing Plaintiffs in this case.

Counsel explains that all seven Plaintiffs sustained varying degrees of burn injury and each of their claims "was evaluated and negotiated as seven separate and independent claims against Defendant United States." (Angarella Decl. at ¶ 16.) The settlement for Plaintiff E. Pottier, as well as the other Plaintiffs, occurred during extended settlement discussions between counsel for Plaintiffs and Defendant that lasted several months. (*Id.* at ¶ 24.) Written discovery

in this action was followed by all seven Plaintiffs traveling from Paris to Los Angeles for two weeks for their depositions. Plaintiffs also had psychological evaluations by Defendant's psychiatrist via Zoom. All of the Plaintiffs, except for Plaintiff E. Pottier, were examined by Dr. Grossman at the Grossman Burn Center. They also were examined by Warren Garner, M.D., a plastic surgeon at LAC-USC Medical Center, who was retained by Defendant. (*Id.* at ¶ 26.)

As indicated, the agreed upon settlement regarding the claims by Plaintiff E. Pottier is $750,000.00, with the only deduction made for attorney fees at 25% in the amount of $187,500.00. (*Id.* at ¶¶ 28, 29 and Ex. 7.) According to Plaintiff/Petitioner Marie-Pierre Pottier's declaration, since she sustained the most significant burn injuries in this incident and will be receiving the largest settlement ($6 million), she has agreed with her attorneys "that E. Pottier's proportionate share of the litigation expenses (approximately $5,400.00) and all of her medical expenses ($15,045.82) will be paid out of [Petitioner's] share of the settlement and they will not be deducted [from] E. Pottier's settlement." (Petitioner's Decl. at ¶ 18.) Thus, "from the settlement of $750,000.00 for E. Pottier, the net amount to her will be $562,500.00 since the only deduction from her settlement will be attorney fees of $187,500.00." (*Id.*).

Petitioner additionally requests that the Court order that the net settlement to E. Pottier of $562,500.00 be placed into a blocked trust account in the name of E. Pottier with a FDIC (Federal Deposit Insurance Corporation) Insured National Bank located in Los Angeles, California, and that the entire principal and all accrued interest can be withdrawn by E. Pottier on September 25, 2023, when she turns 18 years old. (Petitioner's Decl. at ¶ 19.) Petitioner believes that the settlement for E. Pottier in the amount of $750,000.00 "in light of her physical and emotional injuries is a fair and reasonable settlement for her" and the proposed settlement "is in the best interest of E. Pottier." (*Id.* at ¶ 21.)

Considering the facts of the case and Plaintiff E. Pottier's claims against Defendant, the Court finds the settlement fair and reasonable. The method of disbursement also appears fair and reasonable.

///

///

7

## IV.    CONCLUSION AND RECOMMENDATION

For the reasons stated, IT IS HEREBY recommended as follows:

1. The petition for approval of minor's compromise (Doc. 32) be granted;

2. The terms of the settlement, including payment of the settlement amount of $750,000.00 and payment of attorney fees in the amount of $187,500.00 from the settlement amount subject to the limitations in 28 U.S.C. § 2678, be approved as fair and reasonable; and

3. The Court grant Petitioner's request that the $562,500.00 net settlement to E. Pottier be placed in a blocked trust account in the name of E. Pottier with a FDIC Insured National Bank located in Los Angeles, California, and the entire principal and all accrued interest be able to be withdrawn by E. Pottier on September 25, 2023, when she turns 18 years old.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these findings and recommendations, the parties may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. W*ilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)). **To expedite the matter, if the parties have no objections, then the parties may each file a statement of non-objection before expiration of the fourteen-day period.**

IT IS SO ORDERED.

Dated:   **March 7, 2023**             /s/ *Barbara A. McAuliffe*
                                                           UNITED STATES MAGISTRATE JUDGE